UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO CASTELLANOS,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>Defendant. | Case No. 17-cv-01307-JD<br><br>**ORDER TO FILE AN AMENDED PETITION OR MOTION TO STAY** |

Rolando Castellanos, a California prisoner, proceeds with a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend or for petitioner to file a motion to stay this action while he exhausts a new claim.

## BACKGROUND

Castellanos was found guilty after a jury trial of second degree murder with firearm allegations. *People v. Castellanos*, No. A141623, 2015 WL 7300487 (Cal. Ct. App. Nov. 19, 2015). He was sentenced to 40 years to life to life in prison. *Id*. The California Court of Appeal affirmed the conviction and the California Supreme Court denied review.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

In the prior order, the Court noted that petitioner raised the following cognizable claims: (1) the trial court violated his right to call a witness and present a defense by failing to order the sheriff to locate a witness; (2) the trial court erred by failing to declare a mistrial and counsel was ineffective for failing to object to extending jury deliberations; (3) the jury was not properly instructed on the defense of justifiable homicide while making a citizen's arrest which prevented petitioner from presenting a complete defense; and (4) the trial court abused its discretion in denying an evidentiary hearing regarding a juror's possible concealment of bias during voir dire.

It appeared from his filing that all claims had been exhausted except the claim that the trial court erred in failing to declare a mistrial and counsel was infective for failing to object to extending jury deliberations. Petitioner was informed that the petition was mixed and was given the opportunity to proceed in one of three ways. Petitioner could file an amended petition containing only the exhausted claims discussed above or he could file a motion to stay this action pending exhaustion of the unexhausted claim in state court. If the unexhausted claim had been exhausted, petitioner may indicate such and providing the petition to the California Supreme Court and the denial.

Petitioner has not filed an amended petition or a motion to stay. He has submitted petitions that he has apparently filed with the state courts. A claim is not exhausted until the California Supreme Court decides the claim on the merits. It is insufficient that petitioner may have filed a petition with the California Supreme Court. If he wishes to stay the petition while he exhausts his claim he must file a motion for stay.

2

Petitioner is again reminded that before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.* When faced with a post-AEDPA mixed petition, the Court must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal before the court may dismiss the petition. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)) (court's erroneous dismissal of mixed petition entitled petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first habeas petition was dismissed until the date the second habeas petition was filed).

In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78.

If petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors. In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[1] A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by

---

[1] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

3

sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.[2]

Petitioner still must file an amended petition and a motion for a stay if he wishes to stay this case or he can elect to proceed only with the exhausted claims.

## CONCLUSION

1. Within **twenty-one (21) days** of service of this order, petitioner must inform the Court of which option he intends to follow and either file an amended petition with only the exhausted claims or a motion to stay following either the *Rhines* or *Kelly* procedures as described above, or demonstrate the claim three is exhausted. Failure to file an amended petition or file a motion to stay within the designated time may result in the dismissal of this action.

2. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October 6, 2017

JAMES DONATO
United States District Judge

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

4

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO CASTELLANOS,<br>　　　　Plaintiff,<br>　　v.<br>SCOTT FRAUENHEIM,<br>　　　　Defendant. | Case No. 17-cv-01307-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 6, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rolando Castellanos
AT2857
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210-8500


Dated: October 6, 2017


　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court


　　　　　　　　　　　　　　　　　　By: *Lisa R. Clark*
　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO