United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ROLANDO CASTELLANOS,

    Petitioner,

v.

SCOTT FRAUENHEIM,

    Respondent.

Case No. 17-cv-01307-JD

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Re: Dkt. No. 27

Rolando Castellanos, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The stay in this case was recently lifted and petitioner was ordered to clarify what claims were in the petition. He has filed a response.

## BACKGROUND

Castellanos was found guilty after a jury trial of second-degree murder with firearm allegations. *People v. Castellanos*, No. A141623, 2015 WL 7300487 (Cal. Ct. App. Nov. 19, 2015). He was sentenced to 40 years to life to life in prison. *Id*. The California Court of Appeal affirmed the conviction and the California Supreme Court denied review.

## DISCUSSION

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court violated his right to call a witness and present a defense by failing to order the sheriff to locate a witness; (2) the trial court erred by failing to declare a mistrial and counsel was ineffective for failing to object to extending jury deliberations; (3) the jury was not properly instructed on the defense of justifiable homicide while making a citizen's arrest which prevented petitioner from presenting a complete defense; and (4) the trial court abused its discretion in denying an evidentiary hearing regarding a juror's possible concealment of bias during voir dire. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1. The motion to proceed (Docket No. 27) is **GRANTED**.

2. The clerk shall serve by regular mail a copy of this order and the petition (Docket Nos. 22, 27) and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 31, 2019

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROLANDO CASTELLANOS,
    Plaintiff,

v.

SCOTT FRAUENHEIM,
    Defendant.

Case No. 17-cv-01307-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rolando Castellanos ID: AT2857
Folsom State Prison
P.O. Box 950
Folsom, CA 95763

Dated: January 31, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO